# IN THE SUPREME COURT OF TENNESSEE
November 4, 2020 Session

## STATE OF TENNESSEE v. MICHAEL RIMMER

**Automatic Appeal from the Court of Criminal Appeals
Criminal Court for Shelby County
Nos. 98-01033, 98-01034      Chris Craft, Judge**

———————————————————

**No. W2017-00504-SC-DDT-DD**

———————————————————

SHARON G. LEE, J., concurring.

I concur in the Court's opinion except for the analysis of the proportionality review. In 1997, this Court narrowed the scope of the proportionality review required by Tennessee Code Annotated section 39-13-206(c)(1)(D) (2018 & Supp. 2020) by limiting consideration to only those cases in which the State sought the death penalty. *State v. Bland*, 958 S.W.2d 651, 666 (Tenn. 1997). A majority of this Court reaffirmed this truncated approach in *State v. Pruitt*, 415 S.W.3d 180, 217 (Tenn. 2013).

In *Pruitt*, I joined Justice William C. Koch, Jr. in dissenting from the Court's decision to continue following the *Bland* approach, as it improperly narrowed the proportionality review required by Tennessee Code Annotated section 39-13-206(c)(1)(D). *Pruitt*, 415 S.W.3d at 230 (Koch and Lee, JJ., concurring and dissenting). We determined that the Court should return to its pre-*Bland* proportionality analysis by considering "all first-degree murder cases in which life imprisonment or a sentence of death has been imposed" and focusing on whether the case under review is more like cases in which the State sought the death penalty than those in which the death penalty was not sought. *Id*. at 226, 230–31.[1] By considering only cases in which the State sought a death sentence, the *Bland* approach "hides the full picture" from view. *Id.* at 230.

---

[1] *See also State v. Jones*, 568 S.W.3d 101, 146–47 (Tenn. 2019) (Lee, J., concurring) (applying this broader comparative approach); *State v. Clayton*, 535 S.W.3d 829, 863–64 (Tenn. 2017) (Lee, J., concurring) (same); *State v. Hawkins*, 519 S.W.3d 1, 54–55 (Tenn. 2017) (Lee, J., concurring) (same); *State v. Willis*, 496 S.W.3d 653, 762 (Tenn. 2016) (Lee, J., concurring) (same); *State v. Hall*, 461 S.W.3d 469, 504–05 (Tenn. 2015) (Lee, J., concurring) (same); *State v. Dotson*, 450 S.W.3d 1, 84–85 (Tenn. 2014) (Koch and Lee, JJ., concurring) (same); *State v. Freeland*, 451 S.W.3d 791, 826–27 (Tenn. 2014) (Koch and Lee, JJ., concurring) (same).

Thus, after reviewing similar first-degree murder cases, including those in which the State did not seek the death penalty, I conclude that Mr. Rimmer's personal background and the nature of the crimes he committed are more like the personal backgrounds and the crimes committed by other persons who have received a death sentence than those who have not. Based on Tennessee Code Annotated section 39-13-206(c)(1)(D) and the evidence, I find that Mr. Rimmer's death sentence is neither excessive nor disproportionate to the penalty imposed in similar cases.

_____
SHARON G. LEE, JUSTICE